# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHEVAWN S. MILBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-886-D |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Shevawn Milburn ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for supplemental security income payments under the Social Security Act. United States District Court Judge Timothy D. DeGiusti referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, the administrative record ("AR"), and the parties' briefs, and recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

I.   **Administrative proceedings.**

In support of her application for benefits, Plaintiff alleged that her impairments became disabling in November 2008. AR 35. Plaintiff's claim was denied and, at her request, an Administrative Law Judge ("ALJ") conducted a hearing. In her April 2011 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.* at 27. The Social Security Administration's Appeals Council declined Plaintiff's request for review, *id.* at 1-6, and Plaintiff now seeks review in this Court. Doc. 1.

II.  **The ALJ's findings.**

The ALJ found that Plaintiff has not engaged in substantial gainful activity since November 2008, and has severe "hypertension and migraine headaches." AR 21. The ALJ also found that Plaintiff has the residual functional capacity ("RFC")[2] to perform light work with some exertional limitations, and can perform jobs existing in significant numbers in the national economy. *Id.* at 23-27.

III. **Standard of review.**

This Court's review is limited to whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal

---

[2]  Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).

IV.     **Determination of disability.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she carries that burden, the ALJ will conduct a RFC assessment to determine what if anything the claimant can still do despite her impairments. *See* 20 C.F.R. § 416.912(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

V.     **Plaintiff's claims of error.**

Plaintiff raises multiple claims of error; however, because reversal is warranted for the ALJ's failure to apply the correct legal procedures in evaluating Plaintiff's mental impairment, the undersigned has not addressed Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

VI.    **Analysis.**

Plaintiff's alleged disability is due in part to depression and anxiety. AR 46-47. The ALJ found that the mental impairment was "'nonsevere,'" *id* at 22, but did not apply the correct legal standards. For that reason, the undersigned recommends reversal.

Under 20 C.F.R. § 416.920a(a), the ALJ must follow a "special technique" in evaluating a claimant's alleged mental impairments. *Wells v. Colvin*, __ F.3d __, No. 12-6234, 2013 WL 4405723, at *4 (10th Cir. Aug. 19, 2013). First, the ALJ must "decide whether the claimant has a medically determinable mental impairment." *Id.* Second, the ALJ must "rate the degree of the functional limitation resulting from the claimant's medically determinable mental impairments in four broad functional areas . . . ." *Id.* Those include "'activities of daily living; social functioning; concentration, persistence, or pace; and

4

episodes of decompensation.'" *Id.* (citing 20 C.F.R. § 416.920a(c)(3)) (brackets omitted). It is only after the ALJ answers those questions that she can make findings at Step 2 and Step 3. *See id.* Applicable here, the ALJ's "written decision must incorporate the pertinent findings and conclusions based on the technique[,]" and " must include a specific finding as to the degree of limitation in each of the functional areas . . . ." 20 C.F.R. § 920a(e)(4); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008).

Plaintiff alleges that the ALJ did not engage in the "special technique" procedure, Doc. 14, at 2-3, 6, and the undersigned agrees.

In assessing Plaintiff's allegations, the ALJ held:

> The claimant mentioned depression to her doctor at times, but other than taking medication, she obtained no treatment. This supports the conclusion that claimant's alleged mental impairment was and is "nonsevere", as that term is used in Social Security disability law. The record does not indicate treatment for any mental impairment that would satisfy the 12-month duration for a severe impairment, other than the use of medication. This does not rise to the level of a "severe" impairment within the meaning of the Regulations because her depression is, at the most, a slight abnormality that has no more than a minimal effect, if any, on the claimant's ability to perform basic work activities.

AR 22 (citations omitted).

Reviewing this language, the ALJ found that Plaintiff has a mental impairment involving depression but assessed it as non-severe without engaging in the second part of the mandated "special technique" procedure. That is, the

5

ALJ's opinion reflects no rating of Plaintiff's functional limitations in any of the four broad categories. The ALJ's failure to engage in the correct legal procedure is reversible error. *See Mushero v. Astrue*, 384 F. App'x 693, 695-96 (10th Cir. 2010) (reversing on grounds that the agency had not applied correct legal standards due to the ALJ's failure to follow the "special technique" standard in considering the claimant's mental impairment); *Burns v. Astrue*, No. 08-cv-574-TLW, 2010 WL 5158555, at *10 (N.D. Okla. Dec. 14, 2010) (unpublished order) (agreeing that the ALJ's finding that claimant's mental impairment was non-severe, without employing "the 'special technique' designed to evaluate mental impairments," was reversible error).

Two additional errors compound the harmfulness of the ALJ's failure to employ the "special techniques." First, as illustrated above, the ALJ relied on Plaintiff's lack of treatment, other than medication, in finding the mental impairment non-severe. But "consideration of the amount of *treatment* received by a claimant does not play a role" in determining the severity of an impairment. *Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010) (emphasis in original). "This is because the lack of treatment for an impairment does not necessarily mean that the impairment does not . . . impose functional limitations." *Id.*; *see also Lowe v. Astrue*, No. CIV-10-242-SPS, 2011 WL 4376535, at *4 (E.D. Okla. Sept. 20, 2011) (unpublished order) (holding that the

ALJ's finding that claimant's depression was non-severe because he had only been treated with medication, without engaging in the "special technique," was "legally defective").

Second, the ALJ's decision does not reflect consideration of the non-severe mental impairment in the RFC analysis. AR 23-25. With no "special technique" findings regarding functional limitations, the Court cannot suppose which limitations, if any, should have been in the RFC. *See Mushero*, 384 F. App'x at 695 (noting that the ALJ's failure to employ the "special techniques" to make functional limitations findings was compounded by the ALJ's error in failing to consider any limitations from the non-severe mental impairment in the RFC analysis); *Grotendorst*, 370 F. App'x at 884 ("[O]nce the ALJ decided, without properly applying the special technique, that [the claimant's] mental impairments were not severe, she gave those impairments no further consideration. This was reversible error.").

In sum, the ALJ committed legal errors in considering Plaintiff's mental impairment and reversal is necessary.

## VII. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this report and recommendation by the 16th day of October, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 26th day of September, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE